**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS J. MCCOYJR.,

       Plaintiff,

v.

MICHAEL J. ASTURE,
Commissioner of Social Security,

       Defendant.

_____/

Case No. 09-11897

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OF THE COURT ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court are Plaintiff's Objections (Doc. 24) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 21). The R&R recommends that the Court deny Plaintiff's Motion for Summary Judgment under Federal Rule of Civil Procedure 56, (Doc. 10), and grant Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 18). The Magistrate Judge found that substantial evidence supported the Administrative Law Judge's ("ALJ") and the Commissioner of Social Security's ("Commissioner") determination that Plaintiff had the residual functional capacity ("RFC") to perform a significant number of sedentary or light exertion jobs. (Doc. 21 at 10-22). The Magistrate Judge found that when the record is viewed as a whole, the ALJ's finding that Plaintiff was capable of returning to full-time work was within the "zone of choice" accorded to the fact finder at the administrative hearing level under Mullen v. Bowen, 800 F.2d 535

(6th Cir. 1986)(en banc).  (Doc. 21 at 22).  For the reasons discussed below, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety.  Therefore, Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Summary Judgment, is **GRANTED**, and the findings of the Commissioner are **AFFIRMED.**

## II. STATEMENT OF FACTS

### A. Procedural Facts

On April 27, 2005, Plaintiff Thomas J. McCoy Jr. applied for Supplemental Security Income ("SSI") alleging a disability onset date of December 7, 2002.  (Tr. 206-208).  After the initial denial of the claim, he requested an administrative hearing, which was held before Administrative Law Judge ("ALJ") Ethel Revels in Detroit, Michigan on January 15, 2008.  (Tr. 217).  Plaintiff, represented by non-attorney Karl E. Brown, testified (Tr. 223-254), as did Vocational Expert ("VE") Lois Brooks (Tr. 254-259).  On January 25, 2008, ALJ Revels found Plaintiff not disabled.  (Tr. 21).  On March 12, 2009, the Appeals Council denied review.  (Tr. 4-6).

On May 18, 2009, pursuant to 42 U.S.C. § 405(g), Plaintiff filed for judicial review of Defendant Commissioner's denial of Plaintiff's application for SSI.  (Doc. 1).  The case was referred to United States Magistrate Judge R. Steven Whalen pursuant to 28 U.S.C. § 636.  (Doc. 3).  The parties filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Doc. 10, 18).  The Magistrate entered a R&R granting Defendant's motion for summary judgment finding the Commissioner's nondisability determination was supported by substantial evidence.

**B. Plaintiff's Medical History**

As the parties do not object to the R&R's recitation of the background facts concerning Plaintiff's medical history, the Court adopts those portions of the R&R here.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a Magistrate Judge's R&R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir.1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir.1987).

The Court must affirm the Commissioner's conclusions so long as the Commissioner applied the correct legal standards and made findings of fact that are supported by substantial evidence in the record. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is evidence that a reasonable mind might accept as adequate evidence in support a conclusion. Id. This means that administrative findings

> are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.

Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). The Sixth Circuit has further explained, "[i]f supported by substantial evidence, the Commissioner's decision

must be affirmed, even if the reviewing court would decide the case differently and even if the claimant's position is also supported by substantial evidence. Linscomb v. Comm'r of Soc. Sec., 25 Fed.Appx. 264, 266 (6th Cir. 2001) (citations omitted).

## IV.   ANALYSIS

Plaintiff has three main objections to the R&R. First, he argues that the ALJ did not properly weigh the evidence of record. Second, he contends the ALJ's credibility determination was patently wrong. And third, claims the ALJ failed to meet the step five burden under 20 C.F.R. § 416.920(a).

### A. The ALJ Properly Weighed the Evidence of Record

The ALJ discounted the disability opinions of Drs. Kim, Gupta, and Rosenbaum due to a lack of corroborating objective evidence. (Tr. 18-21). The Magistrate Judge upheld the ALJ's weighing of the evidence and found the ALJ complied with the substantive and procedural requirements of Wilson v. Comm'r of Soc. Sec., 378 F.3d 541 (6th Cir. 2004). (Doc. 21 at 11-14).

The Sixth Circuit has instructed: "if the opinion of the claimant's treating physician is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, it must be given controlling weight." Hensley v. Astrue, 573 F. 3d 263, 266 (6th Cir. 2009)(internal quotation marks omitted)(citing Wilson, at 544); 20 C.F.R. § 404.1527(d)(2). Thus, controlling weight is conditioned on whether the opinion is "well supported" by objective medical evidence. If the treating physicians is not well supported and not given controlling weight, "an ALJ must apply certain factors - namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship,

4

supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source - in determining what weight to give the opinion." Wilson, at 544 (quoted with approval in Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 747 (6th Cir.2007)). Therefore, an ALJ must take a conditional two-step approach. The ALJ must first determine whether the opinion is "well supported." If so, it is given controlling weight. If not, the ALJ moves to the second step and determines the weight of the opinion in accordance with the Wilson factors.

The weighing of evidence from a consulting physician is different. The opinion of a consulting physician is not entitled to the deference due the opinion of a treating physician. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). The Sixth Circuit explained, "[t]he treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once...." Id. (internal citation omitted). The rationale behind the treating physician doctrine is absent from the consultative relationship.

### 1. Plaintiff's Objections

Plaintiff's objections to the R&R on this issue are specific to each rejected opinion. With respect to Dr. Kim, Plaintiff objects on grounds that the ALJ has an affirmative duty to state what *would* have corroborated a treating physician's disability opinion, the ALJ/Magistrate failed to discuss an EMG report, and the Magistrate mis-characterized Plaintiff's treatment history. (Doc. 24 at 1-4). With respect to Dr. Gupta, Plaintiff objects to the Magistrate's analysis of the ALJ's rationale behind discounting Dr. Gupta's opinion. (Doc. 24 at 4). And in regards to Dr. Rosenbaum, Plaintiff objects to the Magistrate's

5

finding that the ALJ acted within her discretion when rejecting Dr. Rosenbaum's opinion. (Doc. 24 at 4-5). Plaintiff lodges a final objection that, when reviewing the opinion evidence as a whole, the ALJ did not rely on the proffered examining evidence. (Doc. 24 at 6-7).

### i. Dr. Kim (Treating Physician)

The ALJ found Dr. Kim's opinion "not well supported by objective medical findings including the lumbar and cervical spine x-rays, the EMG studies, and even the lumbar spine MRI which Dr. Kim himself reviewed." (Tr. 20). Therefore, his opinion is not accorded controlling weight under Wilson. Plaintiff argues that neither the ALJ nor the R&R point to what objective evidence *would* have supported Kim's opinion. Essentially, Plaintiff asks the ALJ to speculate as to what she would have considered as "well supporting" evidence. Plaintiff cites to no authority that creates an affirmative duty upon an ALJ to hypothesize what *would* have supported a treating doctor's disability opinion. The Court rejects this argument as it has no basis in law.

Plaintiff admits that Dr. Kim may not have explicitly outlined the objective clinical support for his disability opinion. (Doc. 24 at 6). Plaintiff does not dispute the Magistrate Judge's finding that the MRI discredits Dr. Kim's opinion. (Doc. 24 at 2). Rather, Plaintiff contends the ALJ did not address how the EMG reports discredits Dr. Kim's disability opinion.

To the contrary, the ALJ discussed the how the EMG reports undermines Dr. Kim's opinion in her summary of the evidence. (Tr. 18). The EMG reports themselves showed no evidence of lumbar radiculopathy, peripheral polyneuropathy, carpal tunnel syndrome, peripheral neuropathy, or ulnar neuropathy. (Tr. 202-203).

6

Plaintiff objects to the Magistrate Judges's description of Plaintiff's treatment as "conservative (non-surgical)." (Doc. 21 at 13). The Magistrate Judge is not trivializing Plaintiff's course of treatment. The label is a fair characterization of the methods used (prescribed pain killers) to successfully relieve his back discomfort. Despite Plaintiff's veiled accusation, the Magistrate Judge's choice of words cannot reasonably be interpreted to mean a claimant must undergo back surgery before he or she can be found disabled. (Doc. 24 at 3-4). The treatment methods were discussed to demonstrate that Dr. Kim's finding of disability was at odds with Plaintiff's own admission that medicine relieved his back discomfort. (Tr. 19).

### ii. Dr. Gupta (One-Time Examining Source)

Plaintiff admits Dr. Gupta is not a treating physician. (Doc. 10 at 12). The Magistrate Judge found the ALJ correctly characterized Dr. Gupta as an one-time examining source, and as such, the treating physician doctrine of Wilson inapplicable. (Doc. 21 at 14) The ALJ found that Dr. Gupta's opinion was not supported by objective medical evidence and that his opinion is given less weight than the state agency opinion. (Tr. 19). The Magistrate Judge affirmed. (Doc. 21 at 13-14)

Plaintiff objects, arguing that pursuant to 20 C.F.R. § 404.1527 and SSR 96-2p, the ALJ must explain why she discounted Dr. Gupta's opinion. Plaintiff's citations are misplaced, because Dr. Gupta was not a treating physician. SSR 96-2p and 20 C.F.R. § 404.1527 do not apply to an examining source and there is no reason to depart from the usual harmless-error rule when the ALJ merely failed to give a detailed explanation why she gave less weight to Dr. Gupta's opinion. Kornecky v. Comm'r of Soc. Sec., 167 Fed. Appx. 496, 507-508 (6th Cir. 2006). Though she was not required to provide a detailed

7

discussion as to why she discounted the one-time consultative opinion, the ALJ nevertheless explained the opinion was not supported by objective medical evidence, nor Plaintiff's treatment history. (Tr. 19) The Magistrate Judge correctly identified the record evidence that supports the ALJ's finding. (Doc. 21 at 14).

### iii. Dr. Rosenbaum (Consultative Psychological Examination)

The R&R finds that the ALJ acted within her discretion in rejecting Dr. Rosenbaum's GAF of 45. (Doc. 21 at 14-15, Tr. 18-19). Plaintiff objects on the ground that the ALJ does not sufficiently explain why she discounted it. However, the ALJ pointed out many aspects of Dr. Rosenbaum's conclusion that were at odds with his own examination notes and the record as a whole:

(1) Plaintiff was fully oriented, could repeat five digits forward and four backward, could recall objects after a delay, and could identify three of the last four Presidents. (Tr. 18).

(2) He was also able to give a complete and thorough report of his personal history. (Tr. 152-154).

(3) He maintained normal self-esteem, contact with reality, and psychomotor activity during the interview. (Tr. 155).

(4) He was relaxed and pleasant; he was relatively autonomous emotionally and displayed good motivation and insight. (Id*.).*

(5) His stream of mental activity was spontaneous and not circumstantial and his thought was well organized. (Id.).

(6) There were no current problems with his mental trend. (See, Tr. at 156).

8

(7) His emotional reaction was fairly normal, with affect shallow in depth but mobile in range. (Id.).

This data supports the ALJ's conclusion that Plaintiff was functioning better than suggested by the GAF score of 45, a score reserved for individuals with such problems as severe obsessional rituals, frequent shoplifting, or a total lack of friends. See, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed., text rev., 2000) (discussing GAF scale). Moreover, the data is substantial evidence which supports the ALJ's conclusion to discount Dr. Rosenbaum's opinion.

Plaintiff's objection that the State agency physician did not explain why he did not evaluate Plaintiff based on 20 C.F.R., Appendix 1 listing 12.05 for Mental Retardation is without merit. Dr. Rosenbaum's own opinion implicitly rejected a finding of mental retardation when he found borderline intellectual functioning. (Tr. 162). If Plaintiff's own psychologist did not find mental retardation, the State physician need not explain why he is not evaluating Plaintiff for mental retardation, the reason is obvious.

### iv. Weighing Evidence as a Whole

Plaintiff objects that the ALJ did not properly weigh the evidence as a whole because her conclusions do not include the opinions of a treating physician, nor the examining opinions of Plaintiff's consultants. (Doc. 24 at 6). Though the ALJ gave less weight to these opinions, her comprehensive summary articulated the reasons why. The ALJ explained how her conclusions were based on the record supported opinions of the State agency medical consultants, as well as other medical sources. (Tr. 18-20). She was exercising her discretion within legally permissible boundaries, "the opinions of non-examining State agencies' medical and psychological advisers can be given weight only

to the extent they are supported by the evidence in the record. 20 C.F.R. § 404.1527(f); SSR 96-6p; see also Beasley v. Astrue, 2009 WL 805126, at *4 (W.D. Ky. 2008) ("Opinions of non-examining State agency psychological adviser that are consistent with the evidence of record represent substantial evidence to support the Administrative Law Judge's findings") (citing Atterbery v. Sec'y of Health and Human Services, 871 F.2d 567, 570 (6th Cir.1989).

Given the "zone of choice" afforded to the ALJ under the above circumstances, the Court finds no reason to remand. For the aforementioned reasons, the Court agrees with the Magistrate Judge's conclusion that the ALJ properly weighed the evidence of record.

**B. The ALJ's Credibility Determination Was Proper**

The ALJ found Plaintiff's subjective claims of physical pain and mental impairments not fully credible given the lack of objective medical evidence. (Tr. 18-19). The Magistrate Judge found that the ALJ performed an adequate credibility determination in compliance with SSR 96-7p and 20 C.F.R. § 404.1529(c)(3). (Doc. 21 at 15-17). Plaintiff argues the ALJ erred in her credibility decision. He contends the medically objective evidence is consistent with his subjective complaints and statements to others about pain. (Doc. 24 at 7). Plaintiff also argues the ALJ's determination was improper because she did not consider and explain *"all* of the factors prescribed under the rulings and regulations." (Doc. 24 at 7) (emphasis added).

The Sixth Circuit has repeatedly stated "[t]he ALJ's credibility findings are subject to substantial deference on review." White v. Comm'r of Soc. Sec., 572 F.3d 272, 287 (6th Cir. 2009) (citing Barker, at 795). In cases where an ALJ expressly states she has considered SSR 96-7p, and there is no indication she failed to do so, an ALJ's credibility

determination should not be disturbed. Id.  The Sixth Circuit has also stated, "while credibility determinations regarding subjective complaints rest with the ALJ, those determinations must be reasonable and supported by substantial evidence."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007).

Here, the ALJ expressly considered SSR 96-7p when deciding the credibility issue. (Tr. 17).  There is no indication otherwise.  The Magistrate Judge reviewed the ALJ's determination and identified the following record support for the credibility finding:

(1)  The ALJ noted that claims of manipulative impairments because of an old hand fracture stood at odds with Plaintiff's post-fracture ability to work as a short-order cook flipping omelettes.  (Tr. 18).

(2)  Plaintiff testified that medications eliminated his pain.  (Tr. 18).

(3)  X-rays showed a grade 2 spondylolisthesis with no fractures or herniations.  (Tr. 18).

(4)  The ALJ observed that in January, 2004, Plaintiff denied back pain and in fact, imaging studies showed "only mild spondylosis."  (Tr. 18).

(5)  Though the ALJ acknowledging nerve conduction studies showing left C6 radiculopathy and right L5 and S1 neuropathy, she noted "no evidence" of carpal tunnel syndrome, peripheral neuropathy, or ulnar neuropathy.  (Tr. 18).

(6) The ALJ remarked that Dr. Kim deemed a lumbar spine MRI "normal."  (Tr. 18).

(7)  Although Plaintiff testified that he needed a cane to prevent falling, the ALJ noted that he reported only four or five falls since December, 2002.  (Tr. 19).

Plaintiff's objections ignore the Magistrate Judge's identification of this substantial evidence which supports the ALJ's determination.

Rather than directly challenge the Magistrate Judge's findings, Plaintiff argues that "objective evidence" supports his subjective complaints of pain. Plaintiff does not, however, identify precisely *what* objective evidence supports his claim. Assuming "substantial evidence" exists that supports Plaintiff's conclusion, the Commissioner's "findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." Felisky, at 1035. Even with generous assumptions, the Court must affirm the Commissioner decision as it is supported by substantial evidence.

Plaintiff next asserts the ALJ must address each and every factor prescribed under SSR 96-7p. There is no requirement that an ALJ make a detailed, on the record finding of every single factor described in SSR 96-7p and 20 C.F.R. § 404.1529. Pinkston v. Astrue, 2008 WL 4386829 (W.D. Ky. 2008) ("This Court is certainly not suggesting that the law requires the ALJ to explicitly address every possible factor bearing on credibility in every case."). Indeed, Plaintiff cites no authority for the proposition that the ALJ must make findings on *all* factors contained in the rulings and regulations. As correctly identified by the Magistrate Judge, the ALJ gave legitimate, record supported reasons for rejecting Plaintiff's claims of pain and mental impairment. Those reasons were not disputed by Plaintiff. The ALJ applied the proper legal standard and the record shows the reasoning process. The credibility finding is sufficiently explained and supported by substantial evidence. Therefore, the Court agrees with the Magistrate Judge's conclusion that deference to the ALJ's credibility finding is appropriate here.

**C. The ALJ Met The Step Five Burden Under 20 C.F.R. § 416.920 When Determining Plaintiff's Claim of Disability**

In order to receive SSI, a claimant must be disabled. The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). In order to determine whether a claimant is disabled, the Commissioner must follow a five-step sequential evaluation process defined by 20 C.F.R. § 416.920. The Supreme Court has explained this process:

> "At the first step, the agency will find nondisability unless the claimant shows that he is not working at a "substantial gainful activity." At step two, the SSA will find nondisability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies. If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled. If the claimant survives the fourth stage, the fifth, and final, step requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy."

Barnhart v. Thomas, 540 U.S. 20, 24 (2003) (internal citations omitted). Once the claimant establishes an inability to perform past relevant work (Plaintiff has done so here), the burden shifts to the SSA to prove that the claimant is capable of performing a significant number of other jobs within the claimant's residual function capacity and consistent with the claimant's age, education, and work experience. Felisky, at 1035.

The ALJ found Plaintiff not disabled because he could perform work as an assembler, sorter/inspector, or packager, and 9,700 of those such jobs existed in

13

southeastern Michigan. (Tr. 21). The Magistrate Judge found that the record was sufficiently developed on this point and remand inappropriate. (Doc. 21 at 21). Plaintiff argues the ALJ failed to meet the step 5 burden. Plaintiff's objections to the R&R on this point are duplicates of the arguments put forth in his motion for summary judgment. The Court has reviewed, and is satisfied with the Magistrate Judge's resolution of these arguments. (Doc. 21 at 17-22). Plaintiff's only new objection is a critique of the Magistrate Judge's reliance on Stanley v. Sec'y of Health and Human Services, 39 F.3d 115 (6th Cir. 1994).

In Stanley, an ALJ posed a hypothetical question to a VE that did not contain the claimant's subjective limitation that he could not work on a daily basis. Id., at 118. The limitation was not included because the ALJ determined it was unsubstantiated. Id. The Sixth Circuit affirmed the ALJ's conclusion. Id. Here, the Magistrate Judge cited Stanley for the proposition that the ALJ "is not obliged to incorporate unsubstantiated complaints into his hypotheticals" put to a VE. (Doc. 21 at 18). Plaintiff attempts to distinguish Stanley from the instant case and argues Stanley applies only when claimants subjective limitations are excluded for credibility reasons. Here, the ALJ rejected a *physician-imposed* limitation in her hypothetical question to the VE, thus Stanley is inapplicable. Plaintiff further contends the physician-imposed limitation is supported by underlying medical evidence.

However, as discussed above and in the R&R (Doc. 21 at 11-14) substantial evidence supports the ALJ's decision not accept certain physician-imposed limitations due to the record evidence contradicting Drs. Kim, Gupta, and Rosenbaum's findings. Moreover, nothing in Stanley suggests the case turned on the *source* of the alleged limitations. Rather, the case was an application of the well established Sixth Circuit rule

14

that "an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." Casey v. Sec'y of Health & Human Services., 987 F.2d 1230, 1235 (6th Cir. 1993). The Magistrate Judge's use of Stanley was proper as well as the ALJ's decision to exclude non-credible physician-imposed limitations from her hypothetical question to the VE.

**V. CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court finds that the ALJ properly weighed the evidence of record. The Court also find the ALJ's credibility determination was not patently wrong, and the ALJ met the step five burden under 20 C.F.R. § 416.920(a)(4)(v). Accordingly, the Court **ADOPTS** the R&R. Thus, Plaintiff's Motion for Summary Judgment, (Doc. 10), is **DENIED**, Defendant's Motion for Summary Judgment, (Doc. 18), is **GRANTED**, and the findings of the Commissioner are **AFFIRMED.**

**IT IS SO ORDERED.**

                                                    s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    UNITED STATES DISTRICT JUDGE

DATED: September 21, 2010

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK
